**DENY and Opinion Filed September 2, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00865-CV**

**IN RE REDDIE HOUSTON, Relator**

**Original Proceeding from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-81813-06**

# MEMORANDUM OPINION

Before Justices Myers, Nowell, and Goldstein
Opinion by Justice Goldstein

Before the Court is pro se relator Reddie Houston's August 29, 2022 Petition for Writ of Mandamus. Relator seeks mandamus relief to compel the trial court to rule on a "Nunc Pro Tunc Motion."

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). It is relator's burden to provide the Court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Relator did not file an appendix or record in support of his petition. As a result, relator failed to provide a sworn or certified copy of any document showing the matter complained of. *See* TEX. R. APP. P. 52.3(k)(1)(A). And he failed to provide a sworn or certified copy of every document that is material to relator's claim for relief that was filed in any underlying proceeding. *See* TEX. R. APP. P. 52.7(a). Thus, we conclude that relator has not met his burden of providing the Court with an adequate record to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.8; *In re Turcios*, No. 05-21-01168-CV, No. 05-21-01169-CV, 2022 WL 202985, at *1 (Tex. App.—Dallas Jan. 24, 2022, orig. proceeding) (mem. op.); *In re Edmon*, No. 05-14-01183-CV, 2014 WL 4658692, at *1 (Tex. App.—Dallas Sept. 18, 2014, orig. proceeding) (mem. op.).

Relator's petition fails to comply with the requirements of the Texas Rules of Appellate Procedure for filing a petition for writ of mandamus in numerous other respects. Although relator included an "Acknowledgement" that "all the [allegations] of fact contained in [his] Petition are true and correct," the acknowledgment is not signed. Even if it had been signed, the "Acknowledgement" does not satisfy the requirement that the person filing the petition must certify that he has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. *See* TEX. R. APP. P. 52.3(j). Relator's petition also does not include any of the following as required by rule 52.3: a table of contents; an index of authorities; a statement of

the case, although relator did identify the respondent; a statement of jurisdiction; the issues or points presented; a statement of facts with record references; or a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record. *See* TEX. R. APP. P. 52.3(b), (c), (d)(1), (e)–(h).

Accordingly, we deny relator's petition for writ of mandamus.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

220865F.P05